Rodrick J. Coffey (#019712)
Brian J. Palmer (#023394)
**STINSON MORRISON HECKER LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
(602) 279-1600
Fax: (602) 240-6925

Attorneys for Defendant Verizon Wireless

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Baker, | No. CIV03 0525 PCT FJM |
| Plaintiff, | |
| v. | **DEFENDANT VERIZON'S AMENDED MOTION FOR SUMMARY JUDGMENT** |
| Fair, Isaac and Company, Incorporated; Thomas G. Grudnowski; Barry Paperno; Thomas J. Quinn; Equifax Credit Information Services, Inc.; Tom Chapman; Trans Union, LLC; Harry Gambill; Experian Information Solutions; Craig Smith; Creditdata SouthWest; ConsumerInfo.com; Compass Bank; Capital One; Household; Providian; American Credit Agencies; Tom Wells; Professional Recovery Systems; Pacific Bell; Verizon Wireless; T-Mobile; Robert Gray, aka Bobby Grantham; Federal Trade Commission; Federal Communications Commission; Federal Reserve Bank of Richmond; James McAfee; John Does 1 – 20; | **(ORAL ARGUMENT REQUESTED)** |
| Defendants. | |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Verizon Wireless ("Verizon") respectfully requests the Court to grant summary judgment in favor of Verizon and against Plaintiff Christine Baker ("Plaintiff") with regard to all claims in Plaintiff's Complaint because: (1) Plaintiff has admitted she has not been

DB02/768188 0007/7038531.1

wronged or damaged by Verizon; (2) the Court lacks subject matter jurisdiction over Plaintiff's claims against Verizon; (3) Verizon is entitled to judgment as a matter of law on Plaintiff's only two causes of action for "extortion" and fraud; and (4) Plaintiff seeks damages that are not recoverable under any of the causes of action Plaintiff is pursuing. Each of these reasons, standing alone, constitutes a valid basis for the Court to grant summary judgment on all of Plaintiff's claims. This Motion is supported by the accompanying Memorandum of Points and Authorities and Verizon's Statement of Facts in Support of this Motion which is filed contemporaneously herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PLAINTIFF'S ADMISSIONS.

A party who is served with requests for admissions by U.S. mail has 33 days from the date of service to respond to the requests. Fed. R. Civ. P. 36(a); 6(e). Failure to timely respond to requests for admissions results in an *automatic* admission of the matters requested. *See Federal Trade Comm'n v. Medicor, LLC*, 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002) (holding that failure to timely respond to requests for admissions results in an automatic admission of matters requested, even if the requesting party makes no motion to establish admission); *Upchurch v. USTNET, Inc.*, 158 F.R.D. 157, 161 (D.Or. 1994) (holding that party was entitled to have matters requested for admission declared admitted by default where defendant failed to respond to properly served request for admissions within required 30 days); *An-Port, Inc. v. MBR Industries, Inc.*, 772 F.Supp. 1301, 1305 (D.Puerto Rico 1991) (holding that plaintiff's failure to respond to defendant's request for admissions within period given resulted in automatic admission of requests contained therein, conclusively establishing admitted facts as law of case, which could be utilized by defendant to support motion for summary judgment).

On December 22, 2005, Verizon served its First Set of Requests for Admissions ("RFA") to Plaintiff by first class U.S. Mail. Verizon's Statement of Facts ("SOF") at ¶ 1. Accordingly, Plaintiff's responses to Verizon's RFA were due to be served by no later than Tuesday, January 24, 2006. Fed. R. Civ. P. 36(a); 6(e). However, Plaintiff

2

did not respond to Verizon's RFA until Wednesday, January 25, 2006, 34 days after Verizon's RFA were served. SOF at ¶ 2. Plaintiff has therefore admitted all the matters requested in Verizon's RFA, including:

- The Account referred to in Paragraph 343 of Plaintiff's Complaint was an account for a cellular telephone using the telephone number (415) 816-1973 ("Account"). SOF at ¶ 3;
- The Account did not belong to Plaintiff but to Plaintiff's mother's cousin, Dorthea Weidinger ("Weidinger"). SOF at ¶ 4;
- Plaintiff never had an account with Verizon. SOF at ¶ 5;
- Verizon never made any adverse reports regarding Plaintiff's credit to any of the Credit Reporting Agencies. SOF at ¶ 6;
- None of Plaintiff's current credit reports include any adverse or negative reports from Verizon.[1] SOF at ¶ 7;
- Plaintiff has not disclosed any specific amount of quantifiable damages in this lawsuit attributable to any acts or omissions of Verizon. SOF at ¶ 8;
- Plaintiff is not entitled to recover punitive damages from Verizon. SOF at ¶ 9;
- No acts or omissions of Verizon have prevented Plaintiff from receiving a regular income from any job, trade, or profession. SOF at ¶ 10; and
- Plaintiff has not incurred any quantifiable out-of-pocket expenses as a result of any of the acts or omissions attributed to Verizon in Plaintiff's Complaint. SOF at ¶ 11.

Responses to interrogatories also constitute admissions. *Evans v. Local Union 2127, Intern. Broth. Of Elec. Workers*, *AFL-CIO*, 313 F.Supp. 1354, 1362 (D.C. Ga. 1969) (noting that one of the purposes of written interrogatories is to obtain admissions from the other party). On January 25, 2006, one day after her deadline for doing so,

---

[1] Regardless of the timing of Plaintiff's responses to Verizon's RFA, Plaintiff freely admitted this fact.

3

Plaintiff served Verizon with her Responses to Plaintiff's First Set of Interrogatories ("Responses"). SOF at ¶ 12. In her Responses, Plaintiff has admitted that:

- Her only causes of action against Verizona are "fraud and extortion."[2] SOF at ¶ 13;
- Her damages, if any, are her "mental anguish" and "loss of income" allegedly brought on by the death of Weidinger. SOF at ¶ 14;
- Her damages, if any, total $25,000.00, exclusive of her claim for punitive damages. SOF at ¶ 15;
- Verizon has not violated any state or federal statute. SOF at ¶ 16; and
- Plaintiff does not "know if Verizon or its collectors reported on [Plaintiff's] credit reports." SOF at ¶ 17.

## II.    LEGAL ARGUMENT.

### A.    Standard of Review.

Summary judgment should be granted if (1) the pleadings, depositions, ***answers to interrogatories***, and a***dmissions on file*** demonstrate that there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c). If the party with the burden of proof cannot respond to the summary judgment motion by presenting evidence that creates a genuine issue of material fact, then the motion for summary judgment should be granted. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). Summary judgment should be granted in favor of Verizon on Plaintiff's Complaint because there are no genuine issues of material fact and Verizon is entitled to judgment as a matter of law.

### B.    Plaintiff Admitted that She Has Not Been Wronged or Damaged by Verizon.

As a result of her failure to timely respond to Verizon's RFA, Plaintiff has admitted that she was not damaged by Verizon. Specifically, Plaintiff has admitted that

---

[2] Prior to receiving Plaintiff's Responses, Verizon did not know what causes of action Plaintiff was asserting against Verizon because Plaintiff's Complaint does not specify what claims she is asserting against individual Defendants.

4

she has not disclosed any specific amount of quantifiable damages in this lawsuit attributable to any acts or omissions of Verizon; she is not entitled to recover punitive damages from Verizon; no acts or omissions of Verizon have prevented Plaintiff from receiving a regular income from any job, trade, or profession; and she has not incurred any quantifiable out-of-pocket expenses as a result of any of the acts or omissions attributed to Verizon. SOF at ¶¶ 8-11. Plaintiff also admitted that none of her credit reports include adverse or negative information from Verizon. SOF at ¶ 7.

Plaintiff cannot maintain a cause of action against Verizon where Plaintiff cannot demonstrate that she was damaged by Verizon. *See Bright v. Goodyear Tire & Rubber Co.*, 463 F.2d 240, 242 (9th Cir. 1972) (recognizing that a claim for damages must be pled to properly state a cause of action); *Heil v. Morrison Knudsen Corp.*, 863 F.2d 546, 550 (7th Cir. 1988) (noting that "a tort is not wrongful conduct in the air; the arrow must hit its mark…. and until there is hurt there is no tort."); *Bruce Lincoln-Mercury, Inc. v. Universal C. I. T. Credit Corp.*, 325 F.2d 2, 14 (3d Cir. 1963) (recognizing that, for a wrong to be actionable, it must appear that actual damage and loss have been occasioned by wrong); *McVickers v. Chesapeake & O. Ry. Co.*, 194 F. Supp. 848, 849 (E.D.Mich. 1961) (noting that a wrong without damage does not constitute a valid cause of action). By failing to timely respond to Verizon's RFA, Plaintiff has admitted that she has sustained no damages as a result of any of Verizon's acts or omissions. *See e.g. Medicor,* 217 F.Supp. 2d at 1053. Accordingly, Verizon is entitled to judgment as a matter of law on each of Plaintiff's claims.

### C. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Against Verizon.

#### 1. The Court Does Not Have Jurisdiction Under 28 U.S.C. § 1332.

Plaintiff's claims against Verizon should also be dismissed because Plaintiff has failed to assert claims over which this Court can exercise subject matter jurisdiction. District courts have diversity jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332. Here, Plaintiff has

5

admitted in her interrogatories that she is only seeking to recover compensatory damages in the amount of $25,000.00 from Verizon. SOF at ¶ 15.  Thus, diversity jurisdiction cannot be exercised over Plaintiff's claims against Verizon because Plaintiff's compensatory damages do not exceed the jurisdictional limit of $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

### 2. The Court Does Not Have Jurisdiction Under 28 U.S.C. § 1331.

Moreover, in her Responses, Plaintiff admitted that there is no basis for this Court to exercise subject matter jurisdiction under 28 U.S.C. § 1331.  Plaintiff admitted that her only claims against Verizon are common law claims for fraud and "extortion," neither of which give rise to federal question jurisdiction under 28 U.SC. § 1331. When asked to "[i]dentify each and every statute [Plaintiff] allege[s] Verizon violated with an explanation of all facts and circumstances supporting [Plaintiff's] contention that Verizon violated those statutes," Plaintiff failed to identify a single federal statute or any other source of federal law.  SOF at ¶ 16.  Instead, Plaintiff responded to that Interrogatory by stating:

> Verizon committed fraud and attempted to extort monies NOT owed while ignoring numerous disputes and even my FCC complaint.  Verizon assigned this entirely fraudulent debt for collection again and again and again, threatening my credit rating and the credit rating of Dorthea Weidinger in numerous attempts to extort monies not owed. (emphasis supplied in original) *Id.*

Thus, if Plaintiff's claims exist at all, they are common law claims.  Generally, absent diversity jurisdiction under 28 U.S.C. § 1332, federal courts cannot exercise jurisdiction over common law claims.

In order for a court to exercise federal question jurisdiction over a claim, "a substantial proposition of federal law must form a direct and essential element of the plaintiff's cause of action." *Guinasso v. Pacific First Federal Savings and Loan Association*, 656 F.2d 1364, 1366 (9th Cir. 1981), *cert. denied*, 455 U.S. 1020, 102 S.Ct. 1716 (1982).  Thus, common law claims, such as Plaintiff's, that are not grounded in any federal law, do not give rise to federal question jurisdiction. *See Sanders v. Erreca*,

6

377 F.2d 960, 964 (9th Cir. 1967) (holding that plaintiffs, who sought to recover claimed monetary loss based upon fraud and deceit, did not invoke jurisdiction of federal court in non-diversity action; because plaintiffs did not allege facts which demonstrated that plaintiffs were subjected to the deprivation of a right, privilege or immunity secured by the Constitution and laws of the United States); *Cabana Management, Inc. v. Hyatt Corp.*, 441 F.2d 862, 865 (5th Cir. 1971) (holding that claims for conspiracy to defraud creditors and to destroy contractual rights did not set forth a substantial federal question, and thus action was properly dismissed for lack of jurisdiction); *Rooney v. First Wisconsin Nat. Bank*, 332 F. Supp. 108, 109 (C.D.Wis. 1971) (holding that claim asserted against national bank, that it allegedly intentionally misled or defrauded plaintiffs and that they suffered economic and emotional injury, did not appear to be action arising under Constitution, laws or treaties of United States and presented no substantial federal question which would give court federal question jurisdiction).

Because Plaintiff has admitted that the only claims she is asserting against Verizon are claims for fraud and "extortion" which are common law claims, and she has admitted that exclusive of punitive damages, she is only seeking an award of $25,000 in damages against Verizon, this Court clearly lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, Plaintiff's claims should be immediately dismissed.

    **D.**    **Plaintiff's Admitted Claims Are Defective.**

           **i.**    **Plaintiff Has Failed to State a Valid Fraud Claim.**

Even if this Court were to find that it could exercise subject matter jurisdiction over Plaintiff's fraud claim and by virtue of failing to timely respond to Verizon's RFA, Plaintiff had not already admitted that she did not sustain any damages, Verizon would still be entitled to summary judgment because Plaintiff has not and cannot allege sufficient facts to satisfy all of the requisite elements of a fraud claim. Moreover, Plaintiff has failed to plead her fraud claim with particularity as required under Fed. R. Civ. P. 9(b).

7

### 1. **Plaintiff Never Relied on Any of Verizon's Alleged Statements.**

In order to state a claim for fraud, a party must, among other things, produce clear and convincing evidence that: (1) the defendant intentionally misrepresented a then-existing fact; (2) the plaintiff lacked knowledge of the falsity; and (3) the plaintiff's reliance on the representation was reasonable. *Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982). Plaintiff must also prove that she was damaged. *Taeger v. Catholic Family and Community Services*, 196 Ariz. 285, 294, 995 P.2d 721, 730 (App. 1990).

Plaintiff's fraud claim fails as a matter of law because she freely admits that she never relied upon any of the statements by Verizon that she claims to be fraudulent. In essence, Plaintiff contends that Verizon made false statements by claiming that she owes Verizon approximately $105. However, in her Responses, Plaintiff goes to great lengths to explain that she never believed that she owed the $105; she allegedly called Verizon and told Verizon that she did not owe Verizon any additional money; and she complained to the Federal Communications Commission because Verizon had billed her for the $105 that she claims that she knew she did not owe. SOF at ¶ 16. Moreover, nowhere in Plaintiff's Complaint or her Responses is there any allegation that Verizon intentionally made any factual misrepresentations to Plaintiff that Plaintiff actually relied upon to her detriment. Absent a showing, by clear and convincing evidence, that Plaintiff actually relied upon any allegedly false statements by Verizon, Plaintiff has failed to state a claim for fraud and Verizon is entitled to judgment as a matter of law on Plaintiff's fraud claim.

### 2. **Failure to Plead with Particularity.**

In addition to failing to plead the requisite elements of fraud, Plaintiff has failed to plead her fraud claim with the specificity required by law. Fed. R. Civ. P. 9(b) expressly requires: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In other words, mere conclusory allegations that a fraud was committed are not enough. *See In re McDonnell's Estate*,

8

65 Ariz. 248, 253, 179 P.2d 238, 241 (1947) ("Fraud may *never* be established by doubtful, vague, speculative, or inconclusive evidence.") (emphasis added); *Ness v. Western Sec. Life Ins. Co.*, 174 Ariz. 497, 502, 851 P.2d 122, 127 (App. 1992) (holding that allegations of reliance on insurer's representations in insured's pleadings were conclusory; insured did not explain how he relied on representation or why that reliance was reasonable); *In re Flight Transp. Corp. Securities Litigation*, 593 F.Supp. 612, 620 (D.C.Minn. 1984) (noting that conclusory allegations that defendant's conduct was fraudulent and deceptive are not enough to state a valid fraud claim).

Plaintiff does not meet those rigid standards for pleading fraud with particularity. Plaintiff's Complaint contains nothing but wildly broad, conclusory generalizations interspersed throughout several nonconsecutive pages. *See* Plaintiff's Complaint ("Complaint") at ¶¶ 341-55, ¶¶517-18. Some allegations seem to have nothing at all to do with Verizon, but take the form of a narrative fragment of Plaintiff's life. Complaint at ¶¶349, 351. To this meandering narrative, Plaintiff adds in her Responses, simply, that she is making a fraud claim. SOF at ¶13. The law requires significantly more. *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir. 1972 (mere general allegations, that there was fraud, corruption or conspiracy or characterization of acts or conduct in such terms are not enough, no matter how frequently repeated, to state cause of action for fraud). Because Plaintiff has failed to properly plead a claim for fraud, Verizon is entitled to summary judgment on Plaintiff's fraud claim.

### ii.     Plaintiff's "Extortion" Claim Is Not a Cognizable Claim.

Even if this Court were to find that it could exercise subject matter jurisdiction over Plaintiff's "extortion" claim and by failing to timely respond to Verizon's RFA, Plaintiff had not admitted that she sustained no damages as a result of the alleged extortion, that claim has no basis in law and is therefore invalid. In her Responses, Plaintiff asserts she has a claim for something she calls "extortion."[3] SOF at ¶ 13. Plaintiff cites no federal statute or other federal authority as a source for her "extortion" claim. *Id.* Thus the "extortion" claim must exist, if at all, in Arizona's common law.

9

Federal district courts apply the common law from the jurisdiction in which that court sits. *Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1406 (9th Cir. 1991).

No case in Arizona recognizes a common law civil cause of action for extortion. Nor is there an Arizona statute that provides for a civil cause of action for extortion. The claim simply does not exist under Arizona law.

Nor does a civil claim for extortion exist in other state jurisdictions. *See Myers v. Cohen*, 5 Haw. App. 232, 245, 687 P.2d 6, 16 (1984) ("We are unable to find any indication of a common law tort of extortion, and Hawaii does not have a civil extortion statute"), rev'd on other grounds, 688 P.2d 1145 (Haw. 1984); *Blaz v. Molin Concrete Prod. Co.,* 244 N.W.2d 277, 278 n. 1 (1976) ("We are unaware of any civil tort [of extortion], and no authorities were cited in support of this claim"); *Leventhal v. Dockser*, 282 N.E.2d 680, 680-81 (Mass. 1972) ("The counts described as being for 'extortion' and for 'coercion and duress' do not state facts supporting any recognized civil cause of action in this Commonwealth"); *Wykle v. Valley Fidelity Bank & Trust Co.*, 658 S.W.2d 96, 99 (Tenn. App. 1983) ("[W]e [do not] know of a civil action--except in states where their statutes provide for civil penalties [footnote omitted]--for the crime of extortion"). Because Plaintiff's "extortion" claim is not a cognizable cause of action, Verizon is entitled to judgment as a matter of law on Plaintiff's baseless "extortion" claim.

### E. The Damages Plaintiff Seeks Are Not Recoverable in Fraud.

Even if: (1) Plaintiff had properly pled her fraud claim; (2) this Court did not lack subject matter jurisdiction over Plaintiff's claims; and (3) by virtue of failing to timely respond to Verizon's RFA, Plaintiff had not already admitted that she sustained no damages, the damages Plaintiff enumerates in her Responses are not recoverable under a claim for fraud. In her Responses, Plaintiff admits that she seeks damages for "mental anguish" and "loss of income" allegedly caused by the death of her mother's cousin, Dorothea Weidinger. SOF at ¶ 14. However, a party cannot be liable in fraud for damages that would have occurred irrespective of the alleged misrepresentation.

---

[3] Based upon her Responses, it is unclear that Plaintiff is even alleging that Verizon succeeded in its alleged

10

*Standard Chartered PLC v. Price Waterhouse*, 190 Ariz. 6, 36, 945 P.2d 317, 347 (App. 1996) (noting that consequential damages for fraudulent misrepresentation do not include costs that the plaintiff would have incurred even if the misrepresentation had not been made, and holding that expenditures inherent in the underlying transaction and that would have accrued regardless of any alleged misrepresentations were not recoverable in fraud). Yet, Plaintiff improperly requests that Verizon be liable for damages Verizon did not cause.

In essence, in her Responses, Plaintiff alleges that Weidinger, the person in whose name the subject account with Verizon was held, contracted cancer and due to Weidinger's purported concerns over her credit and finances, she was unable to focus on her health and eventually died of cancer. SOF at ¶ 18.[4] However, Plaintiff admits that she never revealed information about the dispute that Plaintiff was having with Verizon to Weidinger. SOF at ¶ 19. Yet, somehow, Plaintiff attributes Weidinger's death, and/or Plaintiff's anguish over Weidinger's death, to Verizon. While it is unfortunate that Weidinger died of cancer, needless to say, even if the types of damages Plaintiff is seeking to recover were available remedies for fraud claims, the lack of causation for Plaintiff's claims is abundantly evident from Plaintiff's Responses.

In any event, Plaintiff cannot recover for "mental anguish" in a fraud action. *See Medical Laboratory Management Consultants v. American*, 30 F.Supp.2d 1182, 1200 (D.Ariz. 1998) (noting that only pecuniary damages are allowed for fraud under Arizona law and holding that plaintiffs could not recover damages for emotional distress under a fraud claim). Recovery for mental anguish is not a pecuniary loss. Thus, Plaintiff cannot recover such damages under a fraud claim. *See also Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 501, 647 P.2d 629, 632 (1982) (noting that the RESTATEMENT (SECOND) OF TORTS contemplates recovery in fraud actions only for pecuniary loss). Because the damages Plaintiff seeks are not recoverable in fraud, Verizon is entitled to judgment as a matter of law.

---

extortion since she refers to Verizon's "***attempts*** to extort monies." (emphasis added) *See* SOF at ¶ 16.
[4] Verizon's summary of Plaintiff's damage theory cannot completely do it justice and Verizon therefore requests that the Court read Plaintiff's Responses in their entirety.

11

### F. Verizon Is Entitled to An Award of Attorneys' Fees.

Plaintiff's claims are premised on her claim that she had a contractual relationship with Verizon. Although she is not asserting a breach of contract claim, none of Plaintiff's claims would have arisen but for the purported contractual relationship between Plaintiff and Verizon. A.R.S. § 12-341.01 provides:

> In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorneys' fees.

Parties are also entitled to recover attorneys' fees that were incurred in the prosecution of tort claims that are interwoven with contract claims. *Ramsey Air Meds., L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 13-16, 6 P.3d 315, 318-21 (App. 2000). A claim is interwoven if it would not have existed but for the existence of a contract. *Ponderosa Plaza v. Siplast*, 181 Ariz. 128, 133, 888 P.2d 1315, 1320 (App. 1993). Here, Plaintiff has asserted tort claims against Verizon that would never have existed but for an alleged contractual relationship between Verizon and Plaintiff. Moreover, a party is entitled to an award of attorneys' fees under A.R.S. § 12-341.01 even if judgment in its favor is based upon the absence of the contract sued upon by the adverse party. *Lacer v. Navajo County*, 141 Ariz. 392, 394, 687 P.2d 400, 402 (App. 1984). Because this is a contested action arising out of an alleged contract between Plaintiff and Verizon, the Court should award Verizon the reasonable attorneys' fees and costs that Verizon incurred in defending against that claim.

## IV. CONCLUSION.

For the foregoing reasons, Verizon respectfully requests that this Court grant summary judgment in its favor and against Plaintiff on all claims in Plaintiff's Complaint and award Verizon its reasonable attorneys' fees and costs.

DB02/768188 0007/7038531.1

RESPECTFULLY SUBMITTED this 14th day of February, 2006.

**STINSON MORRISON HECKER LLP**

By: /s/ Rodrick J. Coffey
Rodrick J. Coffey
Brian J. Palmer
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Attorneys for Defendant Verizon Wireless

13

DB02/768188 0007/7038531.1

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2006 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Christine Baker, Plaintiff Pro Per

John Fry, attorney for Defendant Merchants Information Solutions, Inc.

Scott Kirkner, attorney for Experian Information Solutions and Consumerinfo.com

Phil Overcash, attorney for Nelnet Loan Services, Inc.

I hereby certify that on February 14, 2006 I served a courtesy copy of the attached document by mail, upon:

The Honorable James Robert Broomfield
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, Arizona  85003

 /s/ Brooke C. Campbell

14

DB02/768188 0007/7038531.1