**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Christine Baker,                    )
                                    )
                Plaintiff,          )        No. CIV 03-525-PCT RCB
                                    )
        vs.                         )              O R D E R
                                    )
Fair Isaac and Company,             )
et al.,                             )
                                    )
                Defendants.         )
_____    )

## I.  Introduction

On February 14, 2006, Defendant Verizon Wireless ("Verizon") filed a motion for summary judgment on all of Plaintiff Christine Baker's ("Baker") claims against it.  Mot. (doc. 237). Thereafter, on March 15, 2006, Baker filed a motion requesting leave to file a First Amended Complaint.  Mot. for Leave (doc. 248).  These motions were both fully briefed on April 5, 2006.  P. Reply (doc. 266).[1]  This Court, having carefully considered all the

_____

[1] Oral argument is requested by at least one of the parties on each of these motions. Finding oral argument unnecessary, the Court shall deny such requests.

1   arguments presented by the parties, now rules.

2   **II.  Background Facts**

3       On March 19, 2003, Baker brought various claims against

4   twenty-seven defendants, including Verizon.  Complt. (doc. 1).

5   When Baker initially filed her Complaint, it was unclear exactly

6   what claims she was asserting against Verizon.  D. Resp. (doc. 257)

7   at 2.  Accordingly, Verizon served Baker with Interrogatories in

8   which it asked Baker to list each cause of action she was asserting

9   against Verizon.  Id. at 2-3.  In response, Baker stated that

10   "Verizon committed fraud and attempted to extort monies NOT

11   owed[.]"  Exbt. A (doc. 257) at 1.  Based on this response, Verizon

12   filed a motion for summary judgment on the "fraud" and "extortion"

13   claims.  D. Resp. (doc. 257) at 3.  Verizon's motion primarily

14   asserts that the Court lacks subject matter jurisdiction over

15   Baker's fraud and "extortion" claims; and, even if the Court had

16   jurisdiction, Verizon would nevertheless be entitled to judgment as

17   a matter of law.  Mot. (doc. 237).

18       About a month after Verizon filed its motion for summary

19   judgment, Baker filed a motion requesting leave to file an amended

20   complaint.  Mot. for Leave (doc. 248).  Baker seeks to amend her

21   Complaint by removing the parties that have already been dismissed

22   from this lawsuit, and adding new claims against Defendants

23   Experian and ConsumerInfo.com.  Id. at 1-2.  In addition, Baker

24   seeks to add claims against Verizon for negligence and gross

25   negligence, and claims under the Fair Debt Collection Practices Act

26   ("FDCPA").  Id. at 2, 10.

27   . . .

28

### III. Discussion

#### A. Baker's Motion for Leave to File First Amended Complaint

Rule 15 states that leave shall be freely given to amend a complaint when justice so requires. Fed.R.Civ.P. 15. A plaintiff should be granted the freedom to amend their complaint unless the opposing party can show prejudice, bad faith, or undue delay. Forman v. Davis, 371 U.S. 178, 182 (1962). However, if the plaintiff's amendments would be futile, the court may, in its discretion, deny the Motion to Amend.  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

Here, Verizon asserts that Baker's motion to amend should be denied.  D. Resp. (doc. 257).  At the outset, Verizon argues that Baker's proposed amendments against it are futile.  Id. at 4-9. First, Verizon asserts that it cannot be held liable under the FDCPA because (1) it is not a "debt collector" as defined by the statute; and (2) the relevant letters used as the basis for Baker's claim were sent by third-parties.  Id. at 4-5.  Second, Verizon argues that Baker lacks standing to assert claims under the FDCPA, because the relevant letters used as the basis for her claim were not addressed to her; thus, she is not a "consumer" as defined by the statute.  Id. at 5-6.  Third, Verizon maintains that Baker's claims are barred by the statute of limitations.  Id. at 6. Fourth, Verizon argues that the Court lacks jurisdiction over Baker's "negligence" claims, because Baker is seeking only $25,000 in damages.  D. Resp. (doc. 257) at 6-7.  Fifth, Verizon contends that Baker's "negligence" claims fail to state a claim.  Id. at 7-9.

In addition, Verizon argues that Baker's motion for leave to

1  amend her complaint should be denied, because her undue delay
2  prejudices Verizon and the motion is made in bad faith.  Id. at 9-
3  12.  Lastly, Verizon asserts that the Court should deny Baker's
4  motion, because it fails to comply with Local Rule 15(C).  Id. at
5  12-13.

6       Baker fails to respond to any of Verizon's arguments, except
7  for the allegations that her motion was made in bad faith and
8  failed to comply with Local Rule 15(C).  P. Reply (doc. 266).  In
9  explanation of her failure to respond to Verizon's other arguments,
10 Baker states,

11           ...[m]ost of Verizon's 14 page filing would be
             more appropriate in a motion to dismiss and
12           Plaintiff will not argue her claims in this Reply.
             Verizon is free to file a motion to dismiss or a
13           motion for summary judgment after the First
             Amended Complaint has been filed, giving Plaintiff
14           sufficient time to respond appropriately.

15 P. Reply (doc. 266) at 3.  The Court finds Baker's postponement of
16 her response to Verizon's arguments regarding futility and undue
17 delay to be detrimental to her motion.

18      Baker's motion to amend is filed three years after she filed
19 her original Complaint.  Her request comes after Verizon filed its
20 motion for summary judgment and after discovery began between the
21 parties.  However, Baker's motion and proposed First Amended
22 Complaint contain no newly discovered information or argument that
23 explains such a delay.  The Ninth Circuit has noted that "a
24 district court does not 'abuse its discretion in denying a motion
25 to amend a complaint...when the movant presented no new facts but
26 only 'new theories' and 'provided no satisfactory explanation for
27 his failure to fully develop his contentions originally.'" Nunes,
28 375 F.3d at 808.

- 4 -

1   Moreover, in the absence of any counter argument by Baker, the

2   Court finds Verizon's contentions concerning the futility of

3   Baker's proposed additional claims to be convincing. "Futility

4   alone can justify the denial of a motion for leave to amend." Id.

5   Thus, the Court shall deny Baker's motion to amend in regard to her

6   additional proposed claims against Verizon.

7          **B. Verizon's Motion for Summary Judgment**

8                  **1. Standard of Review**

9   To grant summary judgment, the court must determine that the

10  record before it contains "no genuine issue as to any material

11  fact" and, thus, "that the moving party is entitled to judgment as

12  a matter of law." Fed.R.Civ.P. 56(c).  In determining whether to

13  grant summary judgment, the court will view the facts and

14  inferences from these facts in the light most favorable to the

15  nonmoving party. See Matsushita Elec. Co. v. Zenith Radio Corp.,

16  475 U.S. 574, 587 (1986).

17  The mere existence of some alleged factual dispute between the

18  parties will not defeat an otherwise properly supported motion for

19  summary judgment; the requirement is that there be no genuine issue

20  of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S.

21  242, 247-48 (1986).  A material fact is any factual dispute that

22  might affect the outcome of the case under the governing

23  substantive law. Id. at 248.  A factual dispute is genuine if the

24  evidence is such that a reasonable jury could resolve the dispute

25  in favor of the nonmoving party. Id.

26  A party opposing a motion for summary judgment cannot rest

27  upon mere allegations or denials in the pleadings or papers, but

28  instead must set forth specific facts demonstrating a genuine issue

- 5 -

1    for trial.  See id. at 250.  Finally, if the nonmoving party's

2    evidence is merely colorable or is not significantly probative, a

3    court may grant summary judgment.  See, e.g., California

4    Architectural Build. Prods., Inc. v. Franciscan Ceramics, 818 F.2d

5    1466, 1468 (9th Cir. 1987).

6              **2. Analysis**

7         Verizon argues that summary judgment should be granted in its

8    favor on all of Baker's claims against Verison.  Mot. (doc. 237) at

9    1-2.  First, Verizon asserts that, because Baker failed to timely

10   respond to its requests for admission, she automatically admits

11   numerous statements that indicate that she was not wronged or

12   damaged by Verizon.  Id. at 2-5.  Second, Verizon asserts that,

13   under 28 U.S.C. § 1332, this Court lacks subject matter

14   jurisdiction over Baker's claims.  Id. at 5.  Specifically, Verizon

15   notes that Baker admitted in her answers to its interrogatories

16   that she is only seeking to recover compensatory damages in the

17   amount of $25,000; thus, failing to reach the requisite amount of

18   over $75,000.  Id. at 5-6.  Additionally, Verizon notes that Baker

19   has failed to raise any claims that would give rise to federal

20   question jurisdiction under 28 U.S.C. § 1331.  Id. at 6-7.  Third,

21   Verizon asserts that Baker has failed to state a valid fraud claim,

22   as she has not alleged sufficient facts to satisfy the elements of

23   such a claim.  Mot. (doc. 237) 7-9.  Fourth, Verizon contends that

24   Baker's "extortion" claim is not a cognizable claim, as Baker fails

25   to cite any federal or state authority as a source for her claim.

26   Id. at 9. Verizon notes that Arizona does not recognize a common

27   law civil cause of action for extortion, nor does a statute exist.

28   Id. at 10.  Fifth, Verizon asserts that the damages for "mental

- 6 -

1  anguish" and "loss of income" that Baker seeks are not recoverable

2  in fraud.  Id. at 10-11.  Finally, Verizon requests an award of

3  reasonable attorney's fees and costs incurred in defending this

4  claim.  Id. at 12.

5       In her response, Baker fails to respond to any of Verizon's

6  arguments, except for the issues regarding her admissions and

7  Verizon's request for fees.  P. Resp. (doc. 251).  Although Baker

8  admits that her responses to Verizon's request for admissions were

9  filed one day after the deadline, she requests that the Court allow

10 her to withdraw the admissions.  Id. at 1, 2-3.  In any event,

11 Baker makes no arguments in opposition to Verizon's assertions

12 concerning the viability of Baker's fraud and "extortion" claims,

13 and the Court's jurisdiction over them.  Instead, Baker argues that

14 the Court retains jurisdiction over the "FDCPA claims" that she

15 added in her proposed First Amended Complaint.  Id. at 6-7.

16      A party opposing a motion for summary judgment cannot rest

17 upon mere allegations or denials in the pleadings or papers, but

18 instead must set forth specific facts demonstrating a genuine issue

19 for trial.  Anderson, 477 U.S. at 250.  If the nonmoving party's

20 evidence is merely colorable or is not significantly probative, a

21 court may grant summary judgment.  See, e.g., California

22 Architectural Build. Prods., Inc. v. Franciscan Ceramics, 818 F.2d

23 1466, 1468 (9th Cir. 1987).  Thus, the Court shall grant Verizon's

24 motion for summary judgment on Baker's fraud and "extortion"

25 claims.  However, the Court shall deny the motion in regard to

26 Verizon's request for attorney's fees, as the request was not

27 properly filed in accordance with Local Rule 54.2.

28      Therefore,

- 7 -

1    IT IS ORDERED that Baker's motion requesting leave to file a

2 First Amended Complaint (doc. 248) is DENIED in regard to her

3 additional proposed claims against Verizon.

4    IT IS FURTHER ORDERED that Verizon's motion for summary

5 judgment (doc. 237) is GRANTED in part and DENIED in part.  It is

6 denied as to Verizon's request for attorney's fees but granted in

7 all other respects.

8    DATED this 16th day of May, 2006.

9

10

11

12 _____

13        Robert C. Broomfield
         Senior United States District Judge

14

15 Copies to counsel of record and Plaintiff, pro se

16

17

18

19

20

21

22

23

24

25

26

27

28