**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |   |
|---|---|---|
| Christine Baker, | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV 03-0525-PCT-RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Fair, Isaac and Company, Incorporated, et al. | ) | |
| | ) | |
| Defendants. | ) | |

On August 30, 2006, one of the defendants herein, Experian Information Solutions, Inc. ("Experian"), filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56, or, in the alternative, "for partial summary judgment in its favor on Plaintiff's claims pursuant to the Fair Credit Reporting Act. . . , the Arizona Fair Credit Reporting Act, and Plaintiff's claim for punitive damages." Doc. 308 at 1. In support of its motion, among other things, Experian filed a Declaration by Kimberly Hughes. Five exhibits are attached to that Declaration. The first three exhibits are plaintiff's February 4, 2003, February 10, 2003 and May 5, 2003 Experian "Personal Credit Report[s][.]" Doc. 316, exhs.

1, 2 and 3 thereto.  Exhibits four and five are "Investigation Results" which Experian "prepared for" plaintiff on November 10, 2005, and April 11, 2006, respectively.  Id., exhs. 4 and 5 thereto.

By motion dated September 12, 2006, plaintiff *pro se* Christine Baker is requesting that those exhibits be "immediately and permanently removed from public access[.]" Doc. 317 at 1 and 2. Plaintiff bases this motion upon her belief that the Hughes' Declaration exhibits contain "identifying information" in violation of this District's Electronic Case Filing Administrative Policies and Procedures Manual ("Manual").  Id. at 2.  On this motion plaintiff Baker is further requesting to "be provided with the identity of any PACER users who may have accessed her credit reports[]" by viewing the five exhibits to the Hughes' Declaration. Id. at 1 and 3.

### Discussion

I.  "Policy Manual"

Section I(E) of the Manual governs redaction of court filings based upon privacy concerns.  More specifically, subsection 1 states that "[u]nless otherwise ordered by the court, parties *must* refrain, or *must* partially redact where inclusion is necessary, the following personal identifiers from all pleadings and documents filed with the court *including exhibits thereto*[.]" Policy Manual at 4, § I(E)(1) (emphasis added).  In accordance with the Manual, "[t]he responsibility for redacting personal identifiers rests solely with the parties."  Id. at 5, § I(E)(1).  Among the enumerated "personal identifiers" are social security numbers, dates of birth, and "[f]inancial account numbers[.]" Id. at 4-5, §

I(E)(1)(a), (c) and (d).

A careful review of the five exhibits (totaling 70 pages) to the Hughes' Declaration shows that plaintiff's telephone number and Arizona Driver's License number each appear once therein. The court declines to order redaction of those numbers, however, because the Manual does not deem the same to be "personal identifiers" subject to redaction under section I(E)(1).

On the other hand, in violation of section I(E)(1)(c) of the Manual, plaintiff's *full* date of birth does appear in two of the exhibits to the Hughes' Declaration. See Doc. 316, exh. 4 thereto at 13; and exh. 5 thereto at 15. That section expressly provides that "[i]f an individual's date of birth must be included . . . , *only* the *year* should be used." Id. at 5, §I(E)(1)(c) (emphasis added). Whether plaintiff's date of birth "must be included" in these exhibits is doubtful. However because it has been included, in accordance with the Manual, the court orders redaction of the month and date of plaintiff's birth.

Turning next to the "financial account numbers" contained in the Hughes' Declaration exhibits, subsection I(E)(1)(d) of the Manual states that "[i]f [such] numbers are relevant, *only the last four digits* . . . should be used." Id. at 5, § I(E)(1)(d) (emphasis added). In the present case Experian did the opposite. When listing plaintiff's "Credit items," Experian set forth the "Source/Account number (*except* [the] *last few digits*)." See, e.g., Doc. 316, exh.1 at 3 (emphasis added). Experian's omission of the "last few digits" of each of plaintiff's financial account numbers serves the Manual's purpose in terms of protecting plaintiff's privacy by not disclosing any financial account number in full.

-3-

1  Thus, the court will not order redaction of any of the 129 account
2  numbers contained in the Hughes' Declaration exhibits.
3       As an aside, the court observes that nowhere in any of these
4  five exhibits does plaintiff's social security number appear.  In
5  fact, on each of the five exhibits which are the subject of this
6  motion Experian plainly states that "[a]s a security precaution,
7  [it] did *not* list the Social Security number that" Experian was
8  given when it was "contacted[.]" Id., exh. 1 at 11, exh. 2 at 14,
9  exh. 3 at 11, exh. 4 at 13, and exh. 5 at 15 (emphases added).
10 Thus, insofar as protecting the disclosure of plaintiff's social
11 security number, Experian has provided even greater protection than
12 the Manual which requires "only [that] the last four . . . digits
13 of that number . . . be used."  Manual at 4, § I(E)(1)(a).

## II.  PACER Users

15      The last issue which this motion presents is whether the court
16 should provide plaintiff "with the identity of any PACER users who
17 may have accessed her credit reports[]" by viewing the exhibits to
18 the Hughes' Declaration.  Doc. 317 at 1.  The court has been
19 advised by the Operation's Manager for the Clerk's Office of the
20 District of Arizona that it cannot be ascertained whether any PACER
21 users may have viewed these exhibits.  Given the impossibility of
22 providing this relief, the court denies the same.
23      Therefore,
24      IT IS ORDERED that plaintiff Christine Baker's Motion to
25 Enforce Privacy Rules and to Remove Credit Reports Filed by
26 Defendant Experian Information Systems (Doc. 317) is GRANTED in
27 part and DENIED in part.  More specifically, it is ORDERED that
28 defendant Experian Information Solutions, Inc. redact the month and

-4-

1 date of plaintiff's birth from exhibits 4 and 5 of the Hughes'
2 Declaration (Doc. 316).
3    IT IS FURTHER ORDERED that in all future filings in this
4 action defendant Experian Information Solutions, Inc. shall fully
5 comply with the Manual's privacy section, including the format in
6 which financial account numbers and dates of birth should be
7 provided.
8    IT IS FURTHER ORDERED that plaintiff Christine Baker's motion
9 (Doc. 317) is  DENIED to the extent she is seeking "the identity of
10 any PACERS users who may have accessed her credit reports."
11    IT IS FINALLY ORDERED that in all other respects plaintiff
12 Christine Baker's motion (Doc. 317) is DENIED.
13    DATED this 15th day of September, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

19 Copies to counsel of record

- 5 -