**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Baker, ) | |
| ) | |
| Plaintiff, ) | No. CIV 03-0525 PHX RCB |
| ) | |
| vs. ) | O R D E R |
| ) | |
| Fair, Isaac & Company, ) et al., ) | |
| ) | |
| Defendants. ) | |

## *Introduction*

On August 30, 2006, the remaining defendants, Experian Information Solutions, Inc., and Consumerinfo.com, Inc., filed summary judgment motions. Instead of filing a response to that motion, on September 12, 2006, the day on which her response was due, plaintiff filed a "Motion to Enforce Privacy Rules and to Remove Credit Reports Filed by Defendant Experian[.]" Doc. 317. As will be more fully discussed below, the court granted that motion in part, and denied it in part. See Doc. 318.

On September 28, 2006, again, rather than filing a response to the summary judgment motions, plaintiff filed another motion. This

time she is seeking three different types of relief: (1) a "protective order[;]" (2) sanctions; and (3) an extension of time in which to respond to defendants' motions for summary judgment. See Doc. 322.

### *Background*

On September 15, 2006, this court ordered Experian to "redact the month and date of plaintiff's birth from exhibits 4 and 5 of the Hughes' Declaration (Doc. 316)[,]" which was filed as part of its summary judgment motion. Doc. 318 at 4-5. On September 21, 2006, not only did Experian comply with that order, but it went beyond the scope of that order. In addition to re-filing redacted exhibits, attorney Carlson reviewed *all* of the exhibits which were attached to the Hughes' Declaration which was filed in support of ConsumerInfo's summary judgment motion (doc. 315), as well as those which were attached to the Hughes' Declaration filed in support of Experian's summary judgment motion (doc. 316). See Doc. 325, Decl'n of Marc S. Carlson (Oct. 2, 2006) thereto at 8, ¶ 3. In so doing, Mr. Carlson discovered "four other instances where Plaintiff's date of birth appeared[,]" so he redacted those documents as well. See id. at 8, ¶ 4. He inadvertently overlooked the fact, however, that plaintiff's date of birth also appeared on exhibit 3 of the Hughes' Declaration in support of Experian's motion (doc. 316). Id. Thus upon re-filing, plaintiff's date of birth still appeared on that exhibit.

In examining the redacted filings, on September 24, 2006, plaintiff *pro se* noticed that her date of birth still appeared on that exhibit. Doc. 322 at 2. She also points out that "every single credit report" which is a part of those exhibits includes

1  "the first 7 digits of her SSN [social security number][.]" Id.
2  Apparently student loan documents use the borrower's SSN as the
3  loan identifier.  Significantly, plaintiff did not identify which
4  accounts are her student loans, and it is not clear on the face of
5  the exhibits.  That same day, plaintiff e-mailed attorney Carlson
6  requesting that he redact her birth date and SSN from all
7  previously filed exhibits.  Id., exh. A thereto at 2.

8      Three days later, on September 27, 2006, attorney Carlson
9  responded to plaintiff via e-mail, apologizing for the delay in
10 responding, explaining that it was due to his absence from the
11 office.  Id., exh. A thereto at 1. In addition, Mr. Carlson advised
12 plaintiff that he would "review the documents and redact [her]
13 [SSN] from any documents filed with the court."  Id. Significantly,
14 attorney Carlson agreed to redact plaintiff's SSN even though he
15 was not ordered by the court to do so.

16     Upon review of the refiled, redacted exhibits, Mr. Carlson
17 "realized" that an exhibit which was not the subject of the court's
18 order still contained plaintiff's date of birth.  Doc. 325, Carlson
19 Decl'n thereto at 9, ¶ 7.  Mr. Carlson avers, however, that he did
20 not see plaintiff's SSN on any of the filed documents.  Id.  This
21 is understandable given, as noted above, that on the face of the
22 exhibits, it is not evident that plaintiff's SSN appears anywhere
23 thereon.

24     Despite filing redacted versions of the contested exhibits
25 (docs. 319 and 320), attorney Carlson discovered that the original
26 versions (docs. 315 and 316) still appeared on the PACER website.
27 See id., at 9, ¶ 8.  So Mr. Carlson contacted the Clerk of the
28 Court for the District of Arizona.  Mr. Carlson "inquire[d] about

-3-

1 having the docket corrected, [and] inform[ed] the Clerk that the
2 Court had ordered a redaction of document number 316 . . . , but
3 that it still appeared on the PACER website." Id. Carlson also
4 advised the Clerk that he intended to "refile document number 320,
5 the redacted version of Document number 316, with an additional
6 redaction [*i.*e. omission of plaintiff's date of birth]." Id.

The Clerk explained that "[d]ocument[s] . . . 316 and 320 had
8 been sealed and . . . [Carlson] would have to refile a further
9 redacted version of those documents." Id. at 9, ¶9. When Carlson
10 inquired as to whether document 315, "the un-redacted ConsumerInfo
11 declaration[] could be removed[]" since it had been refiled as
12 document 319 in its redacted form, the Clerk explained that it
13 "could not . . . because the Court had not issued an order to
14 redact that document." Id. at 9, ¶ 10.

### *Discussion*

Based upon the foregoing events, plaintiff is seeking an order
17 requiring defendants to redact the following "personal data:  (1)
18 birth date[;] (2) driver[']s license number[;] (3) social security
19 number (ALL digits)[;] (4) home phone number[;] (5) all
20 addresses[;] [and] (6) all account numbers for OPEN accounts except
21 for the Capital One and Target accounts[.]" Doc. 322 at 2-3.
22 Plaintiff offers no legal basis for obtaining this broad scope of
23 relief.

The court will address these requests *seriatim*.

### *I.  "Protective Order"*

Although styled as a motion for a "protective order," much
27 like her prior "Motion to Enforce Privacy Rules," what plaintiff
28 actually is seeking is the redaction of  certain "personal

-4-

identifying information and all account numbers for open accounts from the [defense] exhibits filed with the[] 8/30/06 Motions for Summary Judgment and subsequent amended filings."  Doc. 322 at 1.

Given attorney Carlson's actions with respect to redacting plaintiff's date of birth, this request is moot.  Insofar as redaction of her driver's license and home telephone numbers is concerned, as the court has previously ruled, there is no basis for this redaction because this District's Electronic Case Filing Administrative Policies and Procedures Manual ("Manual") "does not deem the same to be 'personal identifiers' subject to redaction[.]"  See Doc. 318 at 3.  Likewise, for the reasons set forth in its prior order the court will not require redaction of plaintiff's account numbers.  See id. at 3-4.  The court also declines to order redaction of plaintiff's home address because the Manual requires redaction of that information in "Criminal Cases Only."  Manual at § I(E)(1)(e).  Obviously this is not a criminal case.

Turning finally to the issue of redacting plaintiff's social security number, for the reasons set forth in its September 15, 2006, order, the court will not order redaction of same.  See Doc. 318 at 4.  The court recognizes that attorney Carlson has indicated a willingness to redact plaintiff's SSN "from any documents filed with the court."  See Doc. 322, exh. A thereto at 1.  However, as already explained, because it is not readily apparent from the exhibits where her SSN appears, unless plaintiff provides such information to Mr. Carlson, obviously he cannot be expected to redact such information.  To conclude, to the extent plaintiff is seeking a "protective order," the court denies her motion.

. . .

## II. Sanctions

Plaintiff is seeking sanctions against defense attorney Marc Carlson for "filing 'redacted' exhibits including [her] date of birth and the first 7 digits of her social security number[.]" Id. The court concludes that attorney Carlson did not engage in any sanctionable behavior. Indeed, not only did he fully comply with this court's September 15, 2006 order, but he took additional steps not required by that order in a good faith effort to address plaintiff's privacy concerns. Thus, the court denies plaintiff's motion insofar as she is seeking sanctions against Mr. Carlson.

## III. Extension of Time

Lastly, plaintiff is seeking a 30 day extension of the time in which to respond to defendants' summary judgment motions, with the 30 days running "from the day when compliant redacted exhibits are filed and all exhibits containing personal data or account numbers for open accounts with the exception of the Capital One and Target accounts have been removed." Doc. 322 at 1. Plaintiff claims that she needs an extension of time because rather than preparing her response, she "has been dealing with privacy issues[.]" Id. at 6. She further claims that an extension is necessary because she "depends on assistance from her readers." Id.

Defendants respond that none of the foregoing proffered reasons for an extension of time provide "a reasonable justification for failing to file an opposition to the[ir] motions for summary judgment." Doc. 325 at 4. The court agrees.

Although the court will grant plaintiff an extension of time in which to respond to defendants' summary judgment motions, it

- 6 -

will not do so on the terms which plaintiff is requesting.  Rather, plaintiff's response to defendants' summary judgment motions shall be filed on or before 5:00 p.m., November 1, 2006.  Plaintiff is advised that a failure to file a timely response may result in the granting of defendants' motions for summary judgment.

### *Conclusion*

IT IS ORDERED that plaintiff Christine Baker's "Motion for Protective Order, Sanctions and Extension of Time to Respond to the Experian Information Solutions and ConsumerInfo.Com Motions for Summary Judgment" (Doc. 322) is denied.

IT IS FURTHER ORDERED that plaintiff Baker's response to the summary judgment motions previously filed by defendants Experian and ConsumerInfo.Com shall be filed on or before 5:00 p.m., November 1, 2006.

IT IS FURTHER ORDERED that the Clerk of the Court for the District of Arizona seal document 315.

DATED this 18th day of October, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record