1  WO

7              IN THE UNITED STATES DISTRICT COURT

8                 FOR THE DISTRICT OF ARIZONA

12  Christine Baker,                )
                                    )
13              Plaintiff,          )    No. CIV-03-0525-PCT-RCB
                                    )
14        vs.                       )        O R D E R
                                    )
15  Fair, Isaac and Company, Inc.,)
    et al.,                         )
16                                  )
                Defendants.         )
17  _____)

18                        ***Introduction***

19      Currently pending before the court are motions by defendants

20  Experian Information Solutions, Inc. ("Experian") (doc. 308) and

21  ConsumerInfo.com, Inc. ("CIC") (doc. 312) for summary judgment

22  pursuant to Fed. R. Civ. P. 56.  Alternatively, Experian is moving

23  for partial summary judgment on "Plaintiff's claims pursuant to the

24  Fair Credit Report Act ("FCRA"), the Arizona Fair Credit Reporting

25  Act [("AzFCRA")], and Plaintiff's claim for punitive damages."

26  Doc. 308 at 1.  CIC also moves in the alternative, seeking partial

27  summary judgment on plaintiff's FCRA and punitive damage claims.

28  See Doc. 312 at 1.

1    Despite being court ordered to do so, plaintiff *pro se*

2  Christine Baker did not file any opposition to these defense

3  motions.  Instead, she filed a motion for reconsideration and

4  clarification (doc. 328) of this court's October 18, 2006 order.

5  As part of that motion plaintiff also is seeking yet another

6  extension of time in which to respond to the defense summary

7  judgment motions.  Additionally, she is seeking sanctions pursuant

8  to LRCiv 83.1(f) based upon her belief that defense attorney Marc

9  Carlson has violated the Local Rules, as well as court orders.

10  Lastly, plaintiff is seeking clarification of the court's

11  procedures regarding the filing of sealed documents.

12                          ***Background***

13    This is plaintiff's third attempt to have "all personal

14  identifying information and open account numbers" removed from the

15  exhibits which defendants filed as part of their summary judgment

16  motions.  Assuming familiarity with its prior decisions in this

17  regard, suffice it to say that plaintiff has had limited success in

18  these attempts.  Her success has been limited because, for the most

19  part, the defendants have complied with this District's Electronic

20  Case Filing Administrative Policies and Procedures Manual ("the

21  Manual") in terms of redacting "personal identifiers" from those

22  exhibits.

23    Substantively, plaintiff's motion gains nothing by repetition.

24  Moreover, as explained below, this motion to reconsider suffers

25  from the additional infirmity that it is untimely.

26  . . .

27

28

***Discussion***

**A.  Reconsideration**

###### 1.  Timeliness

Pursuant to Local Rule 7.2(g), "[a]bsent good cause shown, any motion for reconsideration *shall* be filed no later than ten (10) days after the filing of the Order that is the subject of the motion."  LRCiv 7.2(g) (emphasis added).  Computing time in accordance with Fed. R. Civ. P. 6(a), means that plaintiff Baker had until November 1, 2006, to timely file this reconsideration motion.  However, plaintiff filed this motion on November 6, 2006, more than ten days after the October 18, 2006, Order which she is seeking to have this court reconsider.  Plaintiff Baker does not include a statement of good cause for the delay in filing her motion for reconsideration.  Thus, the court finds that this motion is *not* timely.

To be sure, Fed. R. Civ. P. 60(b) allows a longer time frame for reconsideration motions than does LRCiv  7.2.  Under the former Rule, reconsideration motions "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."  Fed. R. Civ. P. 60(b).  Plaintiff Baker did not specify the basis for her reconsideration motion.  She cannot avail herself of the longer time frame in which to file such a motion under Fed R. Civ. P. 60(b), however, because the order which she is seeking to have this court reconsider is interlocutory in that no final judgment has yet been entered in this case.  See <u>United States v. Little</u>, No. CV-F-02-5141 REC/DLB, 2006 WL 2432270, at *1 (E.D.Cal. Aug. 21, 2006) (Rule 60(b) does not "apply to defendants'[reconsideration]

1  motion because no judgment has been entered in favor of the

2  [plaintiff]."); <u>see also</u> <u>Connors v. Iquique U.S.L.L.C.</u>, No. C05-

3  334JLR, 2005 WL 3007127, at *7 (W.D.Wash. Nov. 9, 2005) (citing

4  <u>Santa Monica Baykeeper</u>, 254 F.3d 882, 886-87 (9th Cir. 2001)) ("Rule

5  60(b) does not apply to non-final orders.") Stated somewhat

6  differently, this court's October 18, 2006, order did *not* "end[]

7  the litigation on the merits and leave[] nothing for the court to

8  do but execute the judgment." <u>See</u> <u>Catlin v. United States</u>, 324

9  U.S. 229, 233 (1945).  Quite the contrary, as is evidenced by the

10  pending defense summary judgment motions, there are a host of

11  issues which the court must resolve before entering a final

12  judgment in this action.  Therefore plaintiff cannot avail herself

13  of the longer time frame for seeking reconsideration under Rule

14  60(b).

15  ### 2.  *"Inherent Discretion"*

16  Notwithstanding Rule 60(b) and the Local Rules, the court is

17  fully aware of its "inherent discretion to reconsider interlocutory

18  orders" such as this court's October 18, 2006 Order.  <u>See</u> <u>Hansen v.</u>

19  <u>Schubert</u>, 459 F.Supp.2d 973, 988 n.5 (E.D.Cal. 2006).  Indeed, as

20  the Advisory Committee Notes to the 1946 amendments to Rule 60(b)

21  make clear, "interlocutory judgments are not brought within the

22  restrictions of the rule, but rather they are left subject to the

23  complete power of the court rendering them to afford such relief

24  from them as justice requires." Fed. R. Civ. P. 60(b) Advisory

25  Committee Notes (1946 Amendments); <u>see also</u> <u>American Rivers v. NOAA</u>

26  <u>Fisheries</u>, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D.Or. July

27  14, 2006) (citing, *inter alia*, <u>Credit Suisse First Boston Corp. v.</u>

28  <u>Grunwald</u>, 400 F.3d 1119, 1124 (9th Cir. 2005)) (A "district court

1  [has] inherent common-law authority to rescind or modify any

2  interlocutory order as long as the court retains jurisdiction over

3  the matter.") Despite the foregoing, Rule 60 provides a "helpful

4  guide" to this court's inherent discretion.  See Hansen, 459

5  F.Supp.2d at 998 n.5.

6       Rule 60(b) allows a court to reconsider a prior order on a

7  variety of grounds: "(1) mistake, surprise, or excusable neglect;

8  (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5)

9  a satisfied or discharged judgment; or (6) 'extraordinary

10 circumstances' which would justify relief."  Lee v. State Farm

11 Mutual Automobile Insur. Co., No. CV 03-624-TUC-HCE, 2006 WL

12 2917348, at *1 (D.Ariz. Oct. 10, 2006) (quoting Backlund v.

13 Barnhart, 778 F.3d 1386, 1388 (9th Cir. 1985)).  Plaintiff Baker is

14 not relying upon any of these bases for reconsideration.  Instead,

15 she contends that defendants and their attorney, Marc Carlson,

16 violated A.R.S. § 44-1373, because supposedly the exhibits filed as

17 part of the defense summary judgment motions contain "personal

18 identifying information and open account numbers."[1]  As an

19 ───────────────

20      [1]    As an aside, the court observes that plaintiff's reliance upon A.R.S.
   § 44-1373 is wholly misplaced.  Plaintiff is relying upon two different sub-parts
21 of that statute.  First, she is relying upon subpart (A)(1) which provides as
   follows:

22           Except as otherwise specifically provided
             by law, beginning on January 1, 2005, a person
23           or entity shall not:

24           Intentionally communicate or otherwise make
             an individual's social security number available
25           to the general public.

26 A.R.S. § 44-1373(A)(1) (West Supp. 2006).  As explained in this court's prior
   orders, including its order of October 18, 2006, the challenged exhibits do not
27 contain plaintiff's social security number.  See Doc. 318 at 4; and Doc. 327 at 5.
   Thus, there has been no violation of section 44-1373(A)(1).

28      Plaintiff fares no better with her reliance upon sub-part (G)(1) of section
   44-1373.  That statute provides in relevant part:

- 5 -

1 additional basis for reconsideration, plaintiff contends that the

2 filing of those exhibits violates section 1681b of the FCRA.[2]  Even

3 _____

          Except as otherwise provided by law,
          documents or records that are recorded
          and made available on the recording entity's
          public web site *after* the *effective date of*
          *this amendment* to this section shall not contain
          more than five numbers that are reasonably identifiable
          as being part of an individuals' social security
          number and shall not contain an individual's:

          Credit card, charge card or debit card numbers.

A.R.S. § 44-1373(G)(1) (West Supp. 2006) (emphasis added).  Plaintiff completely
overlooks the fact, however, that the effective date of that statute is January 1,
2007.  See id.  Therefore, it does not govern the present dispute which centers
around documents filed in 2006.

     [2]     Clearly this is not so at least with respect to defendant CIC.  That
statute states in pertinent part:
          [A]ny *consumer reporting agency* may furnish
          a consumer report under the following circumstances
          and no other:

               In response to the order of a court having
          jurisdiction to issue such an order, or a subpoena
          issued in connection with proceedings before a
          Federal grand jury.

15 U.S.C. § 1681b(a)(1) (West Supp. 2006) (emphasis added).  The FCRA broadly

defines a consumer reporting agency as:

          any person which, for monetary fees, dues,
          or on a cooperative nonprofit basis, regularly
          engages in whole or in part in the practice of
          assembling or evaluating consumer credit information
          or other information on consumers for the *purpose*
          of *furnishing consumer reports to third parties*, and
          which uses any means or facility of interstate commerce
          for the purpose of preparing or furnishing consumer
          reports.

15 U.S.C. § 1681a(f) (West 1998) (emphasis added).

     In the present case, plaintiff does not, and indeed cannot, allege that
defendant CIC is a consumer reporting agency within the meaning of the FCRA.  CIC
does not "assemble[] nor evaluate[] consumer credit information for the purposes
of furnishing consumer reports to third parties to make credit decisions."  Doc.
312 at 3-4.  Rather, CIC "purchases credit data and products from credit bureaus,
reformats it, and resells its credit products *to the consumers* who are the subject
of those reports."  Doc. 314 (Decl'n of David Williams (Aug. 30, 2006)) at 2, ¶ 3
(emphasis added).  Thus, because CIC does not fall within the definition of a
credit reporting agency for purposes of FCRA liability, it is not subject to
section 1681b(a)(1) of that statute.  Accordingly, even if plaintiff's motion was

1  if timely, the court would decline to exercise its "inherent

2  discretion" to reconsider its October 18, 2006 interlocutory order

3  because plaintiff is not asserting any of the potential grounds for

4  relief enumerated in Rule 60(b).  See Fuller v. M.G. Jewelry, 950

5  F.2d 1437, 1442 (9th Cir. 1991) (district court "properly denied"

6  reconsideration motion where none of the Rule 60(b) factors were

7  present); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985)

8  (same).  A motion for reconsideration is not a vehicle for raising

9  arguments which could have been raised before, yet that is exactly

10 what plaintiff Baker is seeking to do here.  Grant v. I.R.S., No.

11 MC06-0079-PHX-DGC, 2007 WL 158729, at *1 (D. Ariz. Jan. 16, 2007)

12 (citing, inter alia, Northwest Acceptance Corp. v. Lynnwood Equip.,

13 Inc., 841 F.2d 918, 925-26 (9th Cir. 1988)); see also Martinez-

14 Vazquez v. I.N.S., 346 F.3d 903, 905 n.4 (9th Cir. 2003), cert.

15 denied, 543 U.S. 1095 (2005) (citation omitted) ("district court

16 had discretion not to consider the [defendant's] new argument,

17 advanced for the first time in its motion for reconsideration[]").

18 Nothing prevented plaintiff Baker, when she moved for a protective

19 order on September 28, 2006, from arguing that the filing of the

20 defense summary judgment exhibits violated either A.R.S. § 44-1373

21 or section 1681b of the FCRA.  Thus, for all of these reasons the

22 court denies plaintiff Baker's motion for reconsideration of its

23 October 18, 2006 interlocutory order.

24     **_B. Extension of Time_**

25     As she did in her September 28, 2006, motion for a protective

26

27 timely, her argument that she is entitled to reconsideration because CIC violated
   section 1681b(a)(1) of the FCRA is unavailing.

28

1  order, etc., plaintiff is seeking a thirty day extension of time in

2  which to respond to defendants' summary judgment motions.  Also, as

3  she did in her prior motion, plaintiff requests that that thirty

4  days commence running "<u>AFTER all [her] credit reports with account</u>

5  <u>numbers and personal data [a]re removed from PACER</u>[.]" Doc. 328 at

6  12 (emphasis in original).

7      Although the court declines to grant plaintiff's motion for

8  reconsideration, it will grant her an extension of time in which to

9  respond to the pending summary judgment motions by Experian and

10  CIC.  The primary reason for granting this extension is that the

11  court believes that the interests of justice will best be served by

12  proceeding with a fully developed record on these motions.  Thus,

13  plaintiff shall file and serve a response to defendants' summary

14  judgment motions (doc. 308 and 312) on or before 5:00 p.m., March

15  19, 2007.  Plaintiff is forewarned that if she fails to timely

16  respond, and/or instead makes the strategic decision which she did

17  in this instance, *i.e.* to file a motion seeking another form of

18  relief, she runs the risk of the court granting defendants' motions

19  for summary judgment in their entirety.

20      In light of the foregoing, the defendants' shall have until on

21  or before 5:00 p.m., March 28, 2007, by which to file a reply to

22  plaintiff's response to their summary judgment motions.  To the

23  extent defendants are seeking summary judgment dismissing this

24  action in its entirety, defendants' replies should address not only

25  plaintiff's response arguments but they should also insure that

26  they have thoroughly briefed *each and every cause of action* in

27  plaintiff's FAC.

28  . . .

1

2      C. Clarification of Sealing Procedures

3          In this motion plaintiff is also "request[ing] clarification

4    regarding the procedures to seal documents[.]" Doc. 328 at 16.

5    Among other inquiries, plaintiff is asking whether "the Court

6    [would] order the removal of documents from PACER if the filer

7    requested so[.]" Id.  The court will not entertain such

8    hypothetical inquiries.  What is more, in this court's opinion,

9    there is no need for clarification of the procedures for sealing

10   documents in this district.  Therefore, the court denies this

11   request.

12        *D. Sanctions*

13         As she has previously, plaintiff is seeking sanctions against

14   attorney Carlson.  Despite plaintiff's assertions to the contrary,

15   defendant Carlson has *not* engaged in any sanctionable conduct.

16   Therefore, the court denies this aspect of plaintiff's motion as

17   well.

18                          *Conclusion*

19         IT IS ORDERED that plaintiff Christine Baker's "Motion for

20   Reconsideration and Clarification" (Doc. 328) is DENIED in its

21   entirety.

22         IT IS FURTHER ORDERED that plaintiff Baker's response to the

23   summary judgment motions previously filed by defendants Experian

24   and CIC shall be filed on or before 5:00 p.m., March 19, 2007.

25         IT IS FURTHER ORDERED that defendants Experian and CIC shall

26   . . .

27

28

1  file a reply to plaintiff's response on or before 5:00 p.m., March

2  28, 2007.

3        DATED this 27th day of February, 2007.

4

5                          _____

6                          Robert C. Broomfield
                           Senior United States District Judge
7

8

9  Copies to counsel of record